IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01297-REB-MJW

STEPHEN D. BLACK,

    Plaintiff,

v.

SPROUTS FARMERS MARKET, INC.,

    Defendant.

---

### STIPULATED PROTECTIVE ORDER (Docket No. 34-1)

---

Plaintiff Stephen D. Black ("**Mr. Black**") and Defendant Sprouts Farmers Market, Inc. ("**Sprouts**"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and to protect the discovery and dissemination of the confidential and proprietary personal and business information of the parties and third parties whose documents may be subject to discovery in this case, hereby enter into this Stipulated Protective Order ("**Protective Order**"), as follows:

    1.    This Protective Order shall apply to all items designated "CONFIDENTIAL" including documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery

1

duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "document" is defined as described in F.R.C.P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that is confidential and implicates: (a) the proprietary, confidential, competitively sensitive and/or trade secret information of Defendant or any other entity; or (b) any individual's common law or statutory privacy interests.

4.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)   attorneys actively working on this case;

(b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)   the parties, including Defendant's designated representatives;

(d)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)   the Court and its employees ("Court Personnel");

(f)   stenographic reporters who are engaged in proceedings necessarily

2

incident to the conduct of this action;

    (g)    e-discovery vendors;

    (h)    deponents, witnesses, or potential witnesses; and

    (i)    other persons by written agreement of the parties.

    5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

    6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

    7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

    8.    A party may object to the designation of particular CONFIDENTIAL

information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any CONFIDENTIAL documents filed with the Court shall be filed under ~~seal~~ Restricted Access consistent with D.C. Colo LCivR 7.2.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding this provision, counsel may

4

retain an archival set of copies of CONFIDENTIAL documents. Any such archival copies these CONFIDENTIAL documents remain subject to this Protective Order.11.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. Pursuant to the Joint Motion for Protective Order and Local Rule 7.2, documents designated as "CONFIDENTIAL" and produced in this matter shall be treated as Level 1 Restricted. Likewise, the transcripts of proceedings in which "CONFIDENTIAL" documents are discussed shall also be treated as Level 1 Restricted.

13. Should the Court not enter this Protective Order, it is the intent of the Parties that this Protective Order, once executed by both Parties, be valid and enforceable as a contract, supported by good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

Dated this 21th day of September, 2015.

| BERG HILL GREENLEAF & RUSCITTI LLP | CAROTHERS DiSANTE & FREUDENBERGER LLP |
|---|---|
| s/Benjamin M. Wilson | s/Todd R. Wulffson |
| Giovanni M. Ruscitti, Esq. | Todd R. Wulffson, Esq. |
| Benjamin M. Wilson, Esq. | Ashley A. Halberda, Esq. |
| 1712 Pearl St. | 2600 Michelson Dr., Ste. 800 |
| Boulder, CO 80302 | Irvine, CA 92612 |
| (303) 402-1600 | (949) 622-1661 |
| | |
| *Attorneys for Mr. Black* | *Attorneys for Sprouts* |

Exhibit A

SO ORDERED BY THE COURT:

*[signature]* 9-21-15

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Exhibit A