IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 15-cv-01297-REB-MJW

STEPHEN D. BLACK,

    Plaintiff,

v.

SPROUTS FARMERS MARKET, INC., fka SPROUTS FARMERS MARKET, LLC,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

**Blackburn, J.**

The matter before me is **Defendant's Notice of Motion and Motion To Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Memorandum of Points and Authorities in Support Thereof** [#21],[1] filed July 15, 2015.  I grant the motion.

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Defendant's motion implicates 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Typically, the movant bears a heavy burden to establish that the existing forum is sufficiently inconvenient to warrant transfer, *id.; see also Texas Gulf Sulphur*

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

***Co. v. Ritter***, 371 F.2d 145, 148 (10th Cir. 1967), "and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed," ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992) (internal citation and quotation marks omitted). ***See also Cargill Inc. v. Prudential Insurance Co. of America***, 920 F.Supp. 144, 146 (D. Colo. 1996).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause:"

> The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.

***Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas***, – U.S. –, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013) (internal citations and quotation marks omitted). Thus, although the district court generally is vested with considerable discretion in determining whether transfer is appropriate, ***see Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991), the scope of discretion is narrowed significantly where a forum selection clause is in play.

The Supreme Court has identified three distinct ways in which review of a motion to transfer where a valid forum selection clause is present is circumscribed. First, the so-called "plaintiff's venue privilege" is removed from the case. ***Atlantic Marine Construction Co.***, 134 S.Ct. at 581. Thus "the plaintiff's choice of forum merits no

weight" in the analysis."

> [W]hen a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

*Id.* at 581-82.

Second, the parties' private interests become irrelevant. By selecting a forum for resolution of their disputes in advance, the parties

> waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Id.* at 582. Moreover, consideration of the public interest factors "will rarely defeat a transfer motion." *Id.*

Third, where the plaintiff has "flout[ed] its contractual obligation" by filing suit in other than the preselected forum, the court follows the choice-of-law rules of that forum, rather than its own, "a factor that in some circumstances may affect public-interest considerations." *Id.* Thus, the well-recognized exception to section 1404(a) which requires the transferee court to apply the law of the transferor court, *see **Van Dusen v. Barrack***, 376 U.S. 612, 638-39, 84 S.Ct. 805, 820-21, 11 L.Ed.2d 945 (1964), becomes inoperative, ***Atlantic Marine Construction Co.***, 134 S.Ct. at 582-83.

In sum, the presence of a valid forum selection clause is well-nigh determinative of a motion to transfer venue in all but rarest of cases:

3

> When parties have contracted in advance to litigate disputes
> in a particular forum, courts should not unnecessarily disrupt
> the parties' settled expectations. A forum-selection clause,
> after all, may have figured centrally in the parties'
> negotiations and may have affected how they set monetary
> and other contractual terms; it may, in fact, have been a
> critical factor in their agreement to do business together in
> the first place.

*Id.* at 583. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.*

### III. ANALYSIS

Plaintiff was employed by Sprouts Farmers Market, Inc. ("Sprouts") as its Chief Information and Marketing Officer from November 9, 2009, to December 29, 2014. In connection with his employment, plaintiff was granted stock options under two separate option plans. Both the 2011 Option Plan (the "2011 Plan") and the 2013 Incentive Plan (the "2013 Plan") (collectively the "Plans") provide that they are to be governed by Delaware law. The 2011 Plan, however, contains a forum selection clause providing that all claims relating to the 2011 Plan will be litigated in "any state or federal court located within the State of New York." (**Plf. Resp. App.**, Exh. A § 10(e) at 9 of 9.) The 2013 Plan contains no forum selection clause.

On December 29, 2014, plaintiff resigned his employment with Sprouts to take a position with Lucky's Market Parent Company, LLC ("Lucky's"). Both Plans include provisions attending negative consequences in terms of plaintiff's right to the full benefit of his stock options on the occurrence of various types of "Specific Conduct," including most relevantly, accepting employment with a competitor of Sprouts. Based on these provisions, defendant removed plaintiff's vested options from his E*Trade account in

March 2015.  This lawsuit followed.

The parties here do not dispute that the 2011 Plan contains a valid forum selection clause.  Instead, they disagree as to whether the 2011 Plan has any continued vitality in light of adoption of the 2013 Plan.  Thus, the determinative issue is whether the 2013 Plan supplanted or merely supplemented the 2011 Plan.  I find and conclude that the 2013 Plan in fact was intended to supersede the 2011 Plan, but included a carve-out for options granted under the 2011 Plan.  Accordingly, insofar as plaintiff's claims relate to options granted under the 2011 Plan, those claims must be tried in a New York court.  Moreover, although no similar provision dictates the forum for plaintiff's claims as they implicate options granted under the 2013 Plan, to avoid the dangers of potentially inconsistent judgments and inefficient and wasteful expenditure of judicial resources, I find that the interest of justice dictate transferring the entirety of this lawsuit to New York.

I begin by noting that the language and format of the Plans are very similar, which is perhaps unsurprising given their shared purpose – to incentivize current employees and attract new ones.  Under Delaware law, which applies to the resolution of issues under both Plans, "[w]hen a later-in-time contract addresses the same issues . . . it will prevail in the absence of evidence to the contrary." ***Country Life Homes, Inc. v. Shaffer***, 2007 WL 333075 at * 5 (Del. Ch. Jan. 31, 2007).  Plaintiff points out that in publicly filed documents, defendant made statements in which it expressly characterized the 2013 Plan as replacing the 2011 Plan (*see* **Plf. Resp. App.**, Exh. C at 3 of 7 & 7 of 7) and represented the 2013 Plan as Sprouts's "umbrella plan for our

5

stock-based and cash-based incentive compensation programs for our directors, officers and other team members" (*id.*, Exh. C at 6 of 7).

Plaintiff conveniently ignores, however, that within these same documents, defendant also expressly exempted options already granted under the 2011 Plan from the scope of the 2013 Plan.  (***See id.***, Exh. D at 3 of 7 ("The 2013 Incentive Plan became effective on July 31, 2013 and replaced the 2011 Option Plan (*except with respect to outstanding options under the 2011 Option Plan*).") (emphasis added); Exh. D at 4 of 7 ("Upon the completion of our IPO, the 2011 Option Plan was replaced (*except with respect to outstanding options*) by the 2013 Incentive Plan.") (emphasis added). Thus, whatever defendant's motivations for not carrying the forum selection clause forward in the 2013 Plan, it is patent that it intended to carve out those options already granted under the 2011 Plan from its ambit.  Delaware law specifically contemplates that "[a]t times it may be reasonable to hold that the rescission and the substitution [of a more recent contract for an earlier one] are only partial, part of the old contract remaining enforceable."  ***Country Life Homes, Inc.***, 2007 WL 333075 at * 5 (internal footnotes and citation omitted).  Such is the case here.

The result is that plaintiff's claims are subject to suit in New York insofar as they relate to options under the 2011 Plan.  Plaintiff has offered nothing to substantiate his heavy burden of showing that the public interest factors weigh so heavily in his favor that the court must override the parties' previous choice of forum as to those claims. Defendant's motion to transfer thus must be granted as to those claims relating to options granted under the 2011 Plan.

This determination leaves the court to confront the further question whether to transfer only those claims while retaining the claims that relate to options granted under the 2013 Plan, or, alternatively, to transfer the entire case.  I conclude that the latter course best serves the interests of justice which animate section 1404(a).  Undoubtedly, the facts and evidence in support of plaintiff's claims under both Plans are interrelated, if not entirely identical.  The very similarity of the two Plans strongly suggests the strong possibility of a parallel resolution of the legal issues raised in both instances.  Under those circumstances, allowing this case to proceed in two separate courts would complicate unnecessarily the trial of plaintiff's claims in both fora and create a very real prospect of inconsistent rulings and judgments.  "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  **Continental Grain Co. v. The Barge FBL-585**, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960).  I therefore find and conclude that transfer of the entire case is warranted here.[2]

---

[2]  Although the parties did not address this issue in their briefs, my own research has found some instances in which, "[t]o avoid piecemeal litigation, courts have . . . refused to enforce a forum selection clause in cases where the forum selection clause covers only some, but not all of the claims in the action."  **Jon Feingersh Photography, Inc. v. Pearson Education, Inc.**, 976 F.Supp.2d 463, 468 (E.D. Pa. 2013) (citing cases).  **See also Farmland Industries, Inc. v. Frazier-Parrot Commodities, Inc.**, 806 F.2d 848, 852 (8th Cir. 1986), **abrogated on other grounds by Lauro Lines s.r.l. v. Chasser**, 109 S.Ct. 1976 (1989); **Community Voice Line, L.L.C. v. Great Lakes Communication Corp.**, 2014 WL 3102124 at *3 (N.D. Iowa July 7, 2014); **Carney v. Beracha**, 996 F.Supp.2d 56, 71 (D. Conn. 2014); **BP Products North America, Inc. v. Super Stop 79, Inc.**, 464 F.Supp.2d 1253, 1257-58 (S.D. Fla. 2006).  In some instances, these cases are factually distinguishable.  To the extent they are not, they nevertheless appear to this court to take inadequate consideration of the Supreme Court's latest, strongly worded pronouncement on the effect of a valid forum selection clause on the court's discretion to grant a transfer pursuant to section 1404(a).  **See Atlantic Marine Construction Co.**, 134 S.Ct. at 581-83.

The only question remaining is to which New York court the case should be transferred.  Although defendant requests that transfer to the United States District Court for the Southern District of New York, the 2011 Plan is non-specific, providing only that claims relating thereto are to be tried in "any state or federal court located within the State of New York." (**Plf. Resp. App.**, Exh. A § 10(e) at 9 of 9.)  The parties have not addressed this issue in their papers.  I therefore will afford them an opportunity to do so prior to directing transfer of this case.

**THEREFORE IT IS ORDERED** as follows:

1.  That **Defendant's Notice of Motion and Motion To Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Memorandum of Points and Authorities in Support Thereof** [#21], filed July 15, 2015, is granted;

2.  That all pending pretrial deadlines in this case are vacated;

3.  That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for October 6, 2016, at 9:30 a.m., and the trial scheduled to commence on October 24, 2016, are vacated; and

4.  That on or before **December 14, 2015**, the parties shall either (a) jointly file a stipulation specifying an agreed venue within New York to which this case should be transferred (supported by apposite legal authority); or (b) separately submit briefs of no more than **five (5) pages** in support of their respective choice of venue within the state of New York.

Dated November 19, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge